```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA

           v.                        14 Cr. 272 (JSR)

LEE STEWART,
                                     Sentence
                Defendant.

------------------------------x
                                     New York, N.Y.
                                     February 14, 2017
                                     2:00 p.m.

Before:

          HON. JED S. RAKOFF

                                     District Judge




          APPEARANCES


MICHAEL KEONIG
REBECCA MIEKLEJOHN
     Antitrust Division
     U.S. Department of Justice


CHRISTOPHER J. CLARK
BENJAMIN DOZIER
     Attorneys for Defendant
```

1        (Case called)

2        MR. CLARK: For the record and for the Court, I would
3   like to point out defendant's wife, Frances; his
4   brother-in-law, Graham Coventry; and his sister-in-law,
5   Christine Coventry, have traveled here from London, United
6   Kingdom, to be here to support Mr. Stewart and to show the
7   Court their support.

8        THE COURT: Thank you very much. We are here for
9   sentence. The guideline range is a total offense level of 20,
10  a criminal history category of Roman numeral I, and therefore a
11  guideline range of 33 to 41 months' imprisonment.

12       However, the probation department recommends time
13  served in light of the substantial assistance rendered by the
14  defendant, and the government has indicated that it intends to
15  move now for a reduction pursuant to the same substantial
16  assistance. Is that true?

17       MR. KOENIG: That is correct.

18       THE COURT: That motion is granted.

19       The Court, having reviewed the excellent submission
20  from defense counsel and the government's own very strongly
21  supportive submission attesting to the very substantial
22  assistance given by Mr. Steward, is inclined to sentence him to
23  time served. Of course, if defense counsel wants to speak for
24  any length of time, you may be able to talk me out of that.
25  Otherwise, that will be the sentence.

1           Let me hear from defense counsel.

2           MR. CLARK:  Your Honor, I have nothing to add.  Mr.
3   Stewart wanted to make a brief apology.

4           THE COURT:  I will hear from Mr. Stewart.

5           Anything from the government?

6           MR. KOENIG:  Only one thing.  We would recommend
7   continued cooperation.

8           THE COURT:  Yes, that will be a special condition.  I
9   think I am going to impose a term of supervised release, but it
10  will be unsupervised except for the mandatory conditions, the
11  other required conditions, plus the condition you have just
12  mentioned.

13          Let me hear from the defendant, if he wishes to be
14  heard.

15          THE DEFENDANT:  Your Honor, I want to apologize for my
16  terrible behavior, and I hope to be a better person and repent
17  going forward.

18          THE COURT:  Thank you.

19          The sentence of the Court is that the defendant is
20  sentenced to time served, to be followed by 2 years of
21  supervised release, which will be unsupervised except that he
22  still must comply with the mandatory conditions and the 13
23  usual conditions, all of which will appear on the face of the
24  judgment.  Plus there is the special condition that he continue
25  his cooperation with the government.  There is also a special

assessment of $100 that is required to be paid. No fine will be imposed, however, in light of his cooperation.

        Is there anything else that either counsel needs to advise the Court on before I advise the defendant of his right of appeal?

        MR. CLARK: I would ask that the bail condition that his passport be surrendered be vacated and that he have it to fly home tonight.

        THE COURT: Any objection?

        MR. KOENIG: No objection.

        THE COURT: So ordered. Anything else?

        MR. CLARK: Not from the defense, your Honor.

        MR. KOENIG: Not from the government. Thank you.

        THE COURT: Mr. Stewart, you have a right to appeal this sentence. It of course would raise considerable questions about your sanity, but you have a right to appeal the sentence. Do you understand that?

        THE DEFENDANT: Yes, your Honor.

        THE COURT: If you can't afford counsel for the appeal, the Court will appoint one for you free of charge. Do you understand that?

        THE DEFENDANT: Yes, your Honor.

        THE COURT: Very good. Thanks very much.

        (Adjourned)